# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE RUSZKOWSKI, JR., DANA RENEE GRIFFITH, and JILL KATHLEEN KING, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 18-CV-5754 |
| v. | ) Honorable Sharon J. Coleman |
| DALE JAMES MORGADO, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE AND
FOR EXTENSION OF TIME TO EFFECTUATE SERVICE**

Plaintiffs Robert Lee Ruszkowski, Jr., Dana Renee Griffith, and Jill Kathleen King, by and through their attorneys, Actuate Law LLC, hereby submit their memorandum of law in support of their Motion for Alternative Service pursuant to Federal Rule of Civil Procedure 4(e) and Plaintiffs' Motion for Extension of Time to Effectuate Service upon Defendant Dale James Morgado pursuant to Federal Rule of Civil Procedure 4(m), as follows:

On August 22, 2018, Plaintiffs filed a one-count complaint against Attorney Dale James Morgado ("Morgado") for negligence. Plaintiffs initially hired Morgado to bring a declaratory judgment action in the District Court of Connecticut against the City of Stamford ("the City") and the Classified Employees Retirement Fund of the City of Stamford ("CERF"). Plaintiffs' mother is deceased and named each of her children (Plaintiffs) as beneficiaries of her pension. After her death, the City and CERF paid pension benefits to each Plaintiff. Years after her death, the City and CERF sent notices of collection to each Plaintiff, stating that the City had inadvertently paid them extra pension payments. Plaintiffs hired Morgado to represent them in and bring a declaratory

judgment action against the City and CERF to resolve the dispute regarding these pension payments. In response to the District Court of Connecticut action, the City filed individual actions against each Plaintiff in their respective states of residence.

For more than a year, Morgado purported to represent each Plaintiff in these state cases, even though he was not licensed to practice in any of Plaintiffs' states of residence: Colorado, Illinois, and North Carolina. Morgado billed Plaintiffs for filing his appearance, but never filed an appearance in any of the state cases. Morgado never appeared at any of the hearings on behalf of Plaintiffs, and wrongfully instructed Plaintiffs to not appear as well. Morgado's conduct directly caused: (i) default judgments to be entered against all three Plaintiffs; (ii) arrest warrants to be issued against two Plaintiffs; and (iii) the third Plaintiff's house to be subject to a sheriff's auction. At the same time, Morgado failed to respond to motions to dismiss in the federal case, which was dismissed for Morgado's failure to prosecute.

Morgado was admitted to practice law in Connecticut on November 5, 2007. Morgado was admitted to practice law in Florida on April 16, 2009. Morgado was admitted to practice law in New York on March 11, 2014. Morgado's license has been suspended in Connecticut, Florida, and New York. Morgado was never licensed to practice law in Colorado, Illinois, or North Carolina.

I.  **PLAINTIFFS' SERVICE ATTEMPTS**

Plaintiffs filed the Complaint on August 22, 2018. Plaintiffs have not been in contact with Morgado since at least May 2018. In an effort to serve Morgado, Plaintiffs' counsel (i) reviewed communications and documents from Morgado; (ii) searched Pacer; (iii) ran a public records search; and (iv) ran internet searches. *See* Affidavit of Andrea C. Halverson, attached hereto as Exhibit A at ¶ 4.

A.  *Certified Mail*

To identify viable addresses, Plaintiffs' counsel first attempted service via certified mail, return receipt requested, at addresses which were either provided to Plaintiffs by Morgado or found via internet searches. The Clerk of the Court issued summons for the following addresses on August 24, 2018 and attempts to serve via certified mail were made that same day.

**Connecticut Addresses**

|   | Address | Source | C.M. Sent | C. M. Returned |
|---|---------|--------|-----------|----------------|
| 1 | Dale James Morgado<br>65 Redding Road, Unit 60<br>Georgetown, CT 06892 | Address provided to the Plaintiffs by Morgado during representation | 8/24/18 | Return to Sender 10/28/18 |
| 2 | Dale James Morgado<br>463 Tresser Blvd.<br>9th Floor.<br>Stamford, CT 06109 | Address provided on AVVO website | 8/24/18 | Return to Sender 9/04/18 |

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #1 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for Address #1 was returned to sender on October 28, 2018. *See* Exhibit C.

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #2 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #2 was returned to sender on September 4, 2018 *See* Exhibit D.

**Florida Addresses**

|   | Address | Source | C.M. Sent | C. M. Returned |
|---|---------|--------|-----------|----------------|
| 3 | Dale James Morgado<br>382 N.E. 192nd Street<br>Unit 84164<br>Miami, FL 33132 | Address included in Morgado's Engagement Ltr. / Bio. (Exhibit B) | 8/24/18 | 8/30/2018 |
| 4 | Dale James Morgado<br>Feldman Morgado, PA<br>501 N. Reo Street<br>Tampa, FL 33609 | Address included on the Feldman Morgado, PA website | 8/24/18 | Return to Sender 8/31/2018 |

| | Address | Source | C.M. Sent | C. M. Returned |
|---|---|---|---|---|
| 5 | Dale James Morgado<br>100 Biscayne Blvd<br>Suite 2902<br>Miami, FL 33132-2301 | Legal Directories Florida website | 8/24/18 | Return to Sender 9/7/2018 |

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #3 on August 24, 2018. *See* Exhibit A at ¶ 9. Receipt of the certified mail for Address #3 was signed on August 30, 2018. *See* Exhibit E. The individual who signed the certified mail receipt did not identify whether he or she was the "agent" or "addressee" and did not print his or her name.

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #4 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #4 was returned to sender on August 31, 2018 *See* Exhibit F.

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #5 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #5 was returned to sender on September 7, 2018. *See* Exhibit G.

**New York Addresses**

| | Address | Source | C.M. Sent | C. M. Returned |
|---|---|---|---|---|
| 6 | Dale James Morgado<br>228 Park Ave #84164<br>New York, NY 10003 | Address provided in Google Maps for Morgado, PA<br>Address provided on S.D.N.Y. Pacer | 8/24/18 | 8/29/18 |
| 7 | Dale James Morgado<br>85 Wall Street, Suite 1100<br>New York, NY 10005 | Address included on Florida, Connecticut, and New York Atty. Registration website and on D.C. Conn. Pacer | 8/24/18 | Return to Sender 8/31/2018 |
| 8 | Dale James Morgado<br>14 Wall Street, 20th Floor<br>New York, NY 10005 | Address included on Yelp page for Feldman & Morgado, PA | 8/24/18 | Return to Sender 9/17/2018 |
| 9 | Dale James Morgado<br>Morgado, P.A.<br>600 Third Avenue, 2nd Fl.<br>New York, NY 10016 | Address used Pacer pleadings | 8/24/18 | Return to Sender 9/11/2018 |

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #6 on August 24, 2018. *See* Exhibit A at ¶ 9. Receipt of the certified mail for Address #6 was signed on August 29, 2018. *See* Exhibit H. The individual who signed the certified mail receipt did check the "agent" box on the certified mail receipt. *Id.* It should be noted that the envelope sent to this address was later returned to sender, dated November 7, 2018. The envelope stamp reads: "Refused. Unable to forward." *Id.*

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #7 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #7 was returned to sender on August 31, 2018. *See* Exhibit I.

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #8 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #8 was returned to sender on September 17, 2018. *See* Exhibit J.

The summons, complaint, and exhibits to the complaint were sent via certified mail to Address #9 on August 24, 2018. *See* Exhibit A at ¶ 9. The certified mail for address #9 was returned to sender on September 11, 2018. *See* Exhibit K.

B. *Personal Service*

Plaintiffs' counsel then ran a public records search using PeopleMap and found several potential residential addresses for Morgado. The Clerk of Court issued summons for the additional addresses on October 12, 2018. Plaintiffs hired process servers to attempt service at the residential addresses identified in the public records report and at the two addresses for which Plaintiffs received a certified mail delivery receipt (Addresses #3 and #6 above).

**Connecticut Addresses**

Personal service of the summons, complaint and exhibits, Notice of Mandatory Initial Discovery, the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project,

5

and the Court's October 3, 2018 Order, was attempted, but was unsuccessful, at the following addresses in Connecticut from October 19, 2018 to October 23, 2018:

|    | Address | Source | Personal Service Attempt Date | Personal Service |
|----|---------|--------|-------------------------------|------------------|
| 10 | Dale James Morgado<br>19 Sugar Hollow Rd<br>Wilton, CT 06897-4834 | Residence listed on public records PeopleMap report | 10/19-23/2018 | No |
| 11 | Dale James Morgado<br>5 Minard Drive<br>Westport, CT 06880-6422 | Residence listed on public records PeopleMap report | 10/19-23/2018 | No |
| 12 | Dale James Morgado<br>30 Woodland Street, 6B<br>Hartford, CT 06105-2318 | Residence listed on public records PeopleMap report | 10/19-23/2018 | No |

As outlined in the attached affidavit, the process server attempted service at each of these addresses, but Morgado is no longer a resident of any of these addresses. *See* Affidavit of Diligent Search, attached hereto as Exhibit L.

**Florida Addresses**

Personal service of the summons, complaint and exhibits, Notice of Mandatory Initial Discovery, the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project, and the Court's October 3, 3018 Order, was attempted, but was unsuccessful, at the following addresses in Florida:

|    | Address | Source | Personal Service Attempt Date | Personal Service |
|----|---------|--------|-------------------------------|------------------|
| 3  | Dale James Morgado<br>382 N.E. 192nd Street<br>Unit 84164<br>Miami, FL 33132 | Address included in Morgado's Professional Bio. | 11/8/2018 | No |
| 13 | Dale James Morgado<br>1333 95th St<br>Bay Harbor Islands, FL 33154 | Residence listed on public records PeopleMap report | 10/16/2018 | No |
| 14 | Morgado Legal PA<br>11713 Colony Lakes Blvd<br>New Port Richey, FL 34654 | Address for Morgado Legal PA on public records PeopleMap report | 10/25/18<br>10/26/18 | No |

As outlined in the attached affidavit, the process server attempted service at Address #3 on November 8, 2018, but service was unsuccessful. *See* Affidavit of Eduardo E. Ochoa, attached hereto as Exhibit M. According to the affidavit, Address #3 does not exist, as there is no 192nd Street, and the address of 382 NE 191st Street is a warehouse and not a residence. *Id*.

As outlined in the attached affidavit, the process server attempted service at Address #13 on October 16, 2018, but service was unsuccessful. *See* Affidavit of Henry Pinto, attached hereto as Exhibit N. The process server "[s]poke with Loren Kutner who lives at this address and stated that subject hasn't lived here in almost 4 years … Last time she heard he was living in Massachusetts or Connecticut." *Id.*

As outlined in the attached affidavit, the process server attempted service at Address #14 on October 25 and 26, 2018, but service was unsuccessful. *See* Affidavit of Brandon Franz, attached hereto as Exhibit O. The process server "spoke to resident named Joanna Lella … who informed [him] that there is nobody by subject[']s name that lives there and is unknown to her, she said she has been living there for 5 years." *Id.*

### New York Addresses

Personal service of the summons, complaint and exhibits, Notice of Mandatory Initial Discovery, the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project, and the Court's October 3, 3018 Order, was attempted, but was unsuccessful, at the following address on November 7, 2018:

| | **Address** | **Source** | **Personal Service Attempt Date** | **Personal Service** |
|---|---|---|---|---|
| 6 | Morgado, PA<br>228 Park Ave., #84164<br>New York, NY 10003 | Address listed for Morgado, PA on Google Maps | 11/7/18 | No |

7

As outlined in the attached affidavit, the process server attempted service at Address #6 on November 7, 2018, but service was unsuccessful. *See* Affidavit of Christopher J. Klein, attached hereto as Exhibit P. The process server noted that the address is not a physical address, but is instead an "Earth Class Mail" box. The process server spoke "to the mailbox store clerk who told [him] the defendant terminated his box one year ago." *Id.*

    C. *Electronic Mail*

Plaintiffs' counsel was able to identify three electronic mail addresses attributable to Morgado:

| Email Address | Source | Delivered |
|---|---|---|
| djm@morgado.us | This email address was included in the Plaintiffs' engagement letter (Exhibit B) and was used to communicate with Plaintiffs throughout Morgado's' representation of Plaintiffs. It is also the email address on D.C. Conn. Pacer, S.D.N.Y. Pacer, and S.D. Fla. Pacer. | Yes |
| djm@morgado.legal | This email was used to communicate with Plaintiffs throughout Morgado's' representation of Plaintiffs and is provided on the Florida Bar website. | No |
| dmorgado@ffmlawgroup.com | This email address was found on the Feldman Morgado, PA website. | No |

Plaintiffs' counsel sent an email to each of these email addresses, attaching a copy of: (i) the complaint and exhibits, (ii) each of the nine summons that were initially issued on August 24, 2018; (iii) the Court's Notice of Mandatory Initial Discovery; and (iv) the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project. *See* September 4, 2018 Email, attached hereto as Exhibit Q, and Exhibit A at ¶¶ 10-11. The emails to djm@morgado.legal and dmorgado@ffmlawgroup.com were undeliverable. *See* Exhibit R. The email to djm@moargado.us was delivered. *See* Exhibit S. Plaintiffs' counsel requested a read receipt on each email. As of October 15, 2018, the email to djm@morgado.us was not read. *See* Exhibit T.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(e)(2), an individual may be served by "(a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Having exhausted personal delivery attempts at each of the aforementioned addresses, Plaintiffs now seek an order permitting service by an alternative method pursuant to Fed. R. Civ. P. 4(e)(1), which provides that an individual may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district is located…." Fed. R. Civ. Proc. 4(e)(1). Illinois law permits service by personally serving the individual or leaving a copy at the individual's residence, with a person who resides there who is over the age of 13, and then mailing a copy to the individual. *See* 735 ILCS 5/2-203(a).

If service is impractical under the methods outlined in 735 ILCS 5/2-203(a)—as it is here—a party "may move, without notice, that the court enter an order directing a comparable method of service." *See* 735 ILCS 5/2-203.1. Section 5/2-203.1 requires an affidavit be filed in support of any request for alternative service:

> stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

*Id.* In compliance with this requirement, Plaintiffs have attached the affidavit of one of its attorneys, Andrea C. Halverson. *See* affidavit attached as Exhibit A.

## III. LEGAL ARGUMENT

### A. Plaintiffs Have Made Diligent Inquiry into the Location of Morgado.

Plaintiffs have made a diligent attempt to locate Morgado. In *Nesbitt v. Regas*, the court found that plaintiff "performed a 'diligent inquiry as to the location of the individual defendant' when she relied on [defendant's] residence of record with the ARDC, and when the doorman at the building confirmed that [the defendant] lived at that address." No. 13 C 8245, 2015 WL 1331291, at *4 (N.D. Ill. Mar. 20, 2015). In *Printer's Row, LLC*, the court found that plaintiffs exceeded the "diligent inquiry" requirement when they: (i) located the address of one of defendant's business interests; (ii) located defendant's current attorney; (iii) located two additional addresses where defendant may be; and (iv) retained an investigation service who obtained defendant's registered address. *Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Printer's Row, LLC*, No. 06 C 4630, 2008 WL 5142187, at *1 (N.D. Ill. Dec. 5, 2008).

In an effort to find Morgado, Plaintiffs' counsel (i) reviewed communications and documents from Morgado, including the engagement letter and Morgado's biography; (ii) searched Pacer in the District Court of Connecticut, the Southern District of Florida, and the Southern District of New York; (iii) ran a public records search through PeopleMap; and (iv) ran internet searches. *See* Exhibit A. These searches identified fourteen (14) potential addresses associated with Morgado.

As in *Nesbitt*, Plaintiffs have identified the addresses associated with Morgado's attorney registration in Connecticut, Florida, and New York. To the extent they are different, Plaintiffs counsel has located the addresses registered by Morgado with the Pacer system in the District Court of Connecticut, the District Court of the Southern District of Florida, and the District Court of the Southern District of New York. Plaintiffs have thereby satisfied the "diligent inquiry"

standard established in *Nesbitt*. Similar to *Printer's Row*, Plaintiffs located various addresses that may be associated with Morgado or his business using internet searches and also used PeopleMap to run a public records search, which identified additional addresses based on tax records, voter registration, and business registration filings.

Because Plaintiffs have made a diligent inquiry into Morgado's location, Plaintiffs' Motion for Alternative Service and for an Extension of Time to Effectuate Service should be granted.

### B. Plaintiffs Have Made Reasonable Efforts to Effectuate Service Upon Defendant.

Plaintiffs have made reasonable efforts to effectuate service upon defendant. In *Printer's Row,* the court found plaintiffs made reasonable efforts at service when they: (i) attempted service at the location of one of defendant's business interests; (ii) attempted to obtain a waiver of service from defendant's attorney; (iii) mailed waivers of service to two additional addresses where it was believed defendant may be located; and (iv) attempted service at the address listed on defendant's driver's license. *Printer's Row, LLC*, 2008 WL 5142187, at *1.

Specifically, Plaintiffs identified nine addresses for potential service within one day of filing the complaint, Plaintiffs sent the summons and the complaint and exhibits via certified mail to each of the nine addresses within two days of filing the complaint. *See* Exhibit A at ¶ 9. Plaintiffs then requested that Morgado accept service via electronic mail. *Id.* at ¶ 10. Plaintiffs then diligently searched for additional addresses and attempted personal service at seven addresses in three states. *See* Exhibits A at ¶ 12, L, M, N, O, and P.

### C. Service of Morgado is Impractical Pursuant to Either Fed. R. Civ. Proc. 4(e)(2) or 735 ILCS 2-203(A).

Service of Morgado is impractical pursuant to either Fed. R. Civ. Proc. 4(e)(2) or 735 ILCS 2-203(a). "If the moving party has satisfactorily made the required showing of 'diligent inquiry'

11

by affidavit, '[t]he court may order service to be made in any manner consistent with due process.'" *Fifth Third Bank v. Malone*, 2010 WL 183344 (N.D. Ill. Jan. 20, 2010) (citing *In re Schmitt,* 321 Ill. App. 3d 360, 367 (2d Dist. 2001). As outlined above and in the attached Affidavit (Exhibit A), Plaintiffs have attempted to serve Morgado at various residential addresses that are linked to him through public records, tax records, and voting registration. No such service was successful, and the process servers were able to confirm that Morgado did not currently live at any of these residential addresses. Similarly, Plaintiffs attempted service of an agent at the numerous addresses that are linked to Morgado through business registrations. The only two addresses that Plaintiffs received certified mail delivery receipts from, are not physical addresses. Therefore, a process server was not and will not be able to deliver a copy of the summons and complaint or any future pleadings with an authorized agent. Significantly, Morgado is licensed to, but suspended from, practicing law in three states. He cannot be served at the addresses that he has provided to the attorney registration bodies or to the district courts as part of his Pacer registration. Because Plaintiffs have conducted a diligent inquiry and made reasonable efforts to serve Morgado, but have exhausted the addresses that have been identified, it is impractical that service can be effectuated through the preferred means and, therefore, alternative service should be permitted.

**D. Proposed Alternative Method of Service**

Plaintiffs request that this Court enter an order permitting Plaintiffs to serve Morgado by one or a combination of the following methods:

(i) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested, to: Dale James Morgado, 382 N.E. 192nd Street, Unit 84164, Miami, FL 33132;

(ii) (ii) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested, to: Dale James Morgado, 228 Park Ave #84164, New York, NY 10003; and

(iii) via electronic mail to djm@morgado.us.

Plaintiffs propose service to these addresses because Plaintiffs received certified mail delivery receipts from both addresses in (i) and (ii). But, because these are not physical locations, and are instead virtual addresses or P.O. Boxes, a process server cannot deliver the summons or future pleadings to these addresses. Similarly, the email included in (iii) is the only email from which Plaintiffs received a receipt of delivery.

Plaintiffs additionally request that they be permitted to serve Morgado with any future pleadings by the same proposed alternative method of service.

**IV. PLAINTIFFS REQUEST ADDITIONAL TIME TO EFFECTUATE SERVICE.**

Federal Rule of Civil Procedure 4(m) requires that a defendant be served with a summons and a copy of the complaint within 90 days after the complaint is filed. Plaintiffs filed this lawsuit on August 22, 2018. The deadline for service is, therefore, November 20, 2018. "If the plaintiff shows good cause for the failure [to serve the defendant within 90 days of filing the complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "There is no precise test for good cause, but the plaintiff must show at least 'reasonable diligence' in effecting service." *American Kitchen Delights, Inc. v. Tino's Italian Specialty Foods*, No. 17 C 8403, 2018 WL 4916530, at *2 (N.D. Ill. October 10, 2018).

For the reasons set forth above, Plaintiffs have exercised reasonable diligence in attempting to serve Morgado. Therefore, Plaintiffs request that this Court, within its discretion pursuant to Rule 4(m), grant an extension of time to effectuate service on Morgado.

## CONCLUSION

WHEREFORE, Plaintiffs Robert Lee Ruszkowski, Jr., Dana Renee Griffith, and Jill Kathleen King respectfully request that the Court grant Plaintiffs' Motion for Alternative Service and for Extension of Time to Effectuate Service.

November 14, 2018                                    s/ Andrea C. Halverson
                                                     Dara C. Tarkowski
                                                     Andrea C. Halverson
                                                     ACTUATE LAW, LLC
                                                     641 W. Lake Street
                                                     Chicago, IL 60661
                                                     (312) 579-3108
                                                     dara.tarkowski@actuatelaw.com
                                                     andrea.halverson@actuatelaw.com

                                                     *Attorneys for Plaintiffs*